UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOANA CARABALLO, DANIEL REYES-RAMIREZ,
and ALEJANDRO CABAÑAS, individually and
on behalf of other employees similarly situated,                    Jury Trial Demanded

                Plaintiffs,

        -against-

TAJIN RESTAURANT CORP., d/b/a EL TAJIN
RESTAURANT, and DOLORES CORDOVA,
Individually,

                Defendants.

---

      Plaintiffs, JOANA CARABALLO, DANIEL REYES-RAMIREZ, and ALEJANDRO CABAÑAS, (hereinafter "Plaintiffs"), by and through their attorneys, CASTILLO STEPHENS LLP, as and for their Complaint against Defendants, TAJIN RESTAURANT CORP., d/b/a EL TAJIN RESTAURANT (hereinafter, "TAJIN"), and DOLORES CORDOVA (hereinafter, CORDOVA), individually, allege upon personal knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

    1.    This is a civil action for damages and equitable relief based upon violations committed by Defendants of Plaintiffs' rights guaranteed to them by: (i) the Fair Labor Standards Act ("FLSA") minimum wage provisions, 29 U.S.C. § 206(a); (ii) the FLSA's overtime provisions, 29 U.S.C. § 207(a); (iii) the New York Labor Law's ("NYLL") minimum wage provisions, N.Y. Lab. Law § 652(1); (iv) the overtime provisions of the NYLL, N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (v) the NYLL's requirement

that employers furnish employees with wage statements containing specific categories of information, N.Y. Lab. Law § 195(3), (vi) the NYLL's requirement that employers furnish employees with a notice and acknowledgement containing specific categories of information at the time of hiring and every year thereafter, N.Y. Lab. Law § 195(1), (vii) spread of hours pay under N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.4 , (viii) uniform maintenance allowance from the Defendants for Plaintiffs' maintaining and laundering their required uniforms, N.Y. Comp. Codes R. & Regs. ("NYCCRR") Tit. 12, § 146-1.7, and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of themselves and all other current and former employees similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

3. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York Department of Labor Regulations.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1367 over all state law claims.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28

U.S.C. § 1391(b)(1), as one or more of the Defendants resides within the Southern District of New York.

## PARTIES

6. At all relevant times, Plaintiffs are or were residents of the State of New York and each is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL and the NYCCRR.

7. At all relevant times, TAJIN is a domestic corporation with its principal place of business located at 83-85 Greenwich Street, New York, NY 10006.

8. At all relevant times, TAJIN owns and operates the business at the aforementioned location.

9. At all relevant times, upon information and belief, Defendant CORDOVA is a resident of New York and owns and operates the business at the aforementioned location.

10. At all relevant times, Defendant CORDOVA is a principal of Defendant TAJIN.

11. At all relevant times, Defendants are "employers" and "persons" within the meaning of the FLSA and the NYLL. Additionally, the Defendants' gross annual volume of sales or business done is not less than $500,000.00, and the Defendants are engaged in interstate commerce within the meaning of the FLSA, as they handle goods and food products that are moved between the States, the combination of which subjects the Defendants, as an enterprise, to the FLSA's overtime requirements. Furthermore, all Defendants' employees, including Plaintiffs, are individually engaged in interstate commerce, as they personally handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the overtime requirements of the FLSA with respect to each individual employee.

12. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime and minimum wage compensation and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on their own behalf as well as those in the following class:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work in the Diner as non-managerial employees who give consent to file a claim to recover overtime compensation that is legally due to them for the time in excess of forty hours in a given workweek for which Defendants did not compensate them at the legally mandated rate of one and one-half times their respective straight-time rates of pay, and/or for whom the Defendants did not compensate at the minimum wage rate for each hour worked ("FLSA Plaintiffs").

13. The Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: performed similar tasks, as described in the "Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were required to work in excess of forty hours each week; were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

14. At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiffs herein and the FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for hours worked each workweek above forty but purposely chose not to do so.

15. In addition, Plaintiffs seek to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on their own behalf as well as on behalf of those who are similarly situated who, during the applicable statutory period, were subjected to violations of the NYLL and the NYCCRR.

16. Under F.R.C.P. 23(b)(3), Plaintiffs must plead that:

    a. The class is so numerous that joinder is impracticable;

4

  b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

  c. Claims or defenses of the representatives are typical of the class;

  d. The representatives will fairly and adequately protect the class; and

17. A class action is superior to other methods of adjudication.

18. The Rule 23 Class that Plaintiffs seek to define includes: Current and former employees of Defendants who, during the applicable NYLL limitations period: perform or performed work as non-managerial employees; worked in excess of forty hours in a given workweek, were not compensated at the legally mandated rate of one and one-half times their respective straight-time rates of pay for those hours worked per workweek in excess of forty; were not furnished with complete and accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(1), (3); were not paid the statutorily required minimum wage due for each hour worked. ("Rule 23 Plaintiffs").

### Numerosity

19. Presently, Defendants have in their employment at least 12 servers and cooks.

20. During the previous six years, Defendants have employed an unknown number of servers and cooks that are putative members of this class.

### Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours each week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally

mandated rate of one and one-half their respective straight-time rates of pay for hours worked each week over forty; whether the Defendants compensated and compensate Rule 23 Plaintiffs at the minimum wage rate for each hour worked; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3), whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate notice and acknowledgement upon hiring and every year thereafter containing the information required by N.Y. Lab. Law § 195(1), whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what the proper measure of damages is.

## Typicality of Claims and/or Defenses

22. As described in the section below, Defendants employed Plaintiffs as non-managerial employees at the business as servers and cooks. All of Plaintiffs' duties, pay rate, and pay structure were substantially similar to those of the Rule 23 Plaintiffs. All Rule 23 Plaintiffs are servers and cooks. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, or have worked, for Defendants at the Defendants' business in excess of forty hours each week, as non-managerial employees, whom Defendants paid on an hourly basis. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid overtime and minimum wage, to be furnished with accurate wage statements on each payday. Plaintiffs and Rule 23 Plaintiffs have all been injured in that

they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

23. Plaintiffs, as described below, worked as servers and cooks. The Defendants' did not pay Plaintiffs the legally required minimum wage or overtime pay for their hours worked over forty each week, and did not provide Plaintiffs with the legally required notice upon hiring or pay statements as mandated by the NYLL, similar to how the Defendants treated the Rule 23 Plaintiffs. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees who Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiffs' attorneys will adequately handle this matter.

### Superiority

25. Plaintiffs have no material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least substantially similar to the Rule 23 Plaintiffs.

26. Any lawsuit brought by a non-managerial, hourly, employee of the Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

## BACKGROUND FACTS

28. At all relevant times, Plaintiffs are all current and former employees of Defendants and performed their duties for Defendants' benefits at the business at 83-85 Greenwich Street, New York, NY.

29. At all relevant times, the Defendants had a policy and practice of refusing to pay to Plaintiffs the minimum required rate of pay; to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for hours worked in excess of forty hours per work week; to provide a legally sufficient wage statement as required; to provide a notice and acknowledgement upon hiring and each year thereafter as required by the NYLL; to comply with the spread of hours pay requirements under New York State laws and regulations; or to provide the proper uniform maintenance pay as required by New York State regulations.

30. At all relevant times, Defendant CORDOVA managed and supervised the daily operations of the business, including employee hiring and firing, discipline, and setting of work schedules.

31. Defendants hired Plaintiff JOANA CARABALLO (hereinafter, CARABALLO) in or around 2015 as a server. As a server, CARABALLO attended tables, attended the telephone, took delivery orders, cleaned the restaurant, delivered meals outside the restaurant during busy periods, and sometimes washed silverware.

32. From October 15, 2016 through December 31, 2017, CARABALLO worked approximately 19.5 hours per week, for which she was paid $150.00 each week by check. Of these funds, $24.75 was deducted each week from Plaintiff's paycheck. Defendant CORDOVA explained that these sums were deducted for taxes. However, Defendants never provided CARABALLO with a pay stub nor an accounting of the deductions from her check.

33.     From January 1, 2017, to January 15, 2017, Plaintiff worked 27.5 hours weekly. During this time period, CARABALLO was paid $150.00 by check, from which $24.75 was deducted "for taxes," as described in Paragraph 32, supra, plus an additional cash sum of $60.00.

34.     Defendants hired Plaintiff DANIEL REYES-RAMIREZ (hereinafter, REYES-RAMIREZ) on or about October 5, 2015, as a server. As a server, REYES-RAMIREZ attended tables, attended the telephone, took delivery orders, cleaned the restaurant, delivered meals outside the restaurant during busy periods, and sometimes washed silverware.

35.     From October 5, 2015, through December 20, 2016, REYES-RAMIREZ worked approximately 12.5 to 13 hours each Saturday, for which he was paid $60.00 nightly in cash, and 9.5 to 9.75 hours each Sunday, for which he was paid $50.00 nightly in cash.

36.     Beginning on December 21, 2016, REYES-RAMIREZ began working 6.75 hours nightly from Saturday to Friday, for which he was paid $40 each night.

37.     Defendants hired Plaintiff ALEJANDRO CABAÑAS (hereinafter, CABAÑAS) in or around December 1999 as a cook. From February 2011 through approximately June 2015, CABAÑAS's work shift was Monday through Saturday, 11:00 AM to 11:00 PM; however, CABAÑAS typically worked until 11:30 PM.

38.     From February 2011 through June 2014, CABAÑAS was paid $550.00 weekly in cash. From June 2014 through July 2015, CABAÑAS was paid $600.00 weekly in case.

39.     In June 2015, CABAÑAS's work shift was changed to Monday through Saturday, 12:00 PM to 10:30 PM. However, each Thursday and Friday, Plaintiff typically leaves at 11:00 PM. Plaintiff continues to work this shift.

40.     From July 2015 through December 2016, CABAÑAS was paid $650.00 weekly in cash. From January 2017 to the present, CABAÑAS has received $700.00 weekly in cash.

41.     Defendants required Plaintiffs to use a uniform as part of their employment.

## FIRST CLAIM FOR RELIEF, UNPAID MINIMUM WAGE UNDER FLSA

42.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     29 U.S.C. 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.  Minimum wage under the FLSA has been $7.25 per hour since July 24, 2009.

44.     The FLSA provides that when the state minimum wage is higher than the federal minimum wage the employee is entitled to the state minimum wage rate.

45.     N.Y. Lab. Law § 652(1) prescribes a minimum wage that employer must pay employees for each hour worked. The minimum wage under the NYLL was $7.25 per hour from July 24, 2009, until December 30, 2013. From December 31, 2013, through December 30, 2014, the New York State minimum wage was $8.00 per hour. From December 31, 2014, through December 30, 2015, the New York State minimum wage was $8.75 per hour. From December 31, 2015, through December 30, 2016, the New York State minimum wage was $9.00 per hour.

46.     On December 31, 2016, the minimum wage in the City of New York was raised to $11.00 per hour for employers with at least 11 employees and $10.50 per hour for employers with 10 or fewer employees. Upon information and belief, Defendants have at all relevant times had at least 11 employees.

47.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs are employees within the meaning of the FLSA.

48.     As also described above, the Defendants did not compensate Plaintiffs for all hours worked at an hourly rate required by the FLSA.

49.     The Defendants' actions were in willful violation of the FLSA.

50.     Plaintiffs are entitled to the entire amount which they were legally due under the FLSA's minimum wage provisions.

51.     Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violation of the FLSA's minimum wage provisions.

## SECOND CLAIM FOR RELIEF, UNPAID OVERTIME UNDER FLSA

52.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

54.     As described above, Defendants are employers within the meaning of the FLSA and Plaintiff is an employee within the meaning of the FLSA.

55.     As also described above, Plaintiff CABAÑAS worked in excess of forty hours each week, yet the Defendants failed to compensate CABAÑAS in accordance with the FLSA's overtime provisions.

56.     The Defendants' actions were in willful violation of the FLSA.

57.     Plaintiffs are entitled to the compensation they are legally due under the FLSA's overtime provisions.

58.     Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violations of the FLSA's overtime provisions.

## THIRD CLAIM FOR RELIEF, UNPAID MINIMUM WAGE UNDER NYLL

59. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. As described above, Defendants are employers within the meaning of the NYLL while Plaintiffs are employees within the meaning of the NYLL.

61. As also described above, Defendants did not compensate Plaintiffs for all hours worked at an hourly rate required by the NYLL.

62. Plaintiffs are entitled to the entire amount which was legally due to them under the NYLL's minimum wage provisions.

63. For their willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, attorney's fees, liquidated damages, pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF, UNPAID OVERTIME UNDER NYLL

64. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. N.Y. Lab. Law § 160 and NYCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half their regular rate for any hours exceeding forty in a workweek.

66. As described above, Defendants are employers within the meaning of the NYLL while Plaintiffs are employees within the meaning of the NYLL.

67. As also described above, Plaintiff CABAÑAS frequently worked in excess of forty hours each week, yet Defendants failed to compensate CABAÑAS in accordance with the NYLL's and NYCCRR's overtime provisions.

68. Defendants' actions were in willful violation of the NYLL and NYCCRR.

69. CABAÑAS is entitled to the amount legally due to him under the NYLL's and NYCCRR's overtime provisions.

70. CABAÑAS is also entitled to liquidated damages, attorney's fees, costs, and pre-judgment and post-judgment interest for Defendants' violations of the NYLL"s and NYCCRR's overtime provisions.

### FIFTH CLAIM FOR RELIEF, FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF NYLL

71. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. N.Y. Lab. Law § 195(3) requires that employers furnish employees "a statements with every payment of wages containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the statement shall include the applicable piece rate or rates

13

of pay and number of pieces completed at each piece rate. Upon the request of an employee, an employer shall furnish an explanation in writing of how such wages were computed."

73. As described above, Defendants are employers within the meaning of the NYLL while Plaintiffs are employees within the meaning of the NYLL.

74. As described above, Defendants willfully failed to furnish Plaintiffs with wage statements containing the criteria required under the NYLL.

75. Pursuant to N.Y. Lab Law § 198(1-d), Defendants are liable to Plaintiff in the amount of $250.00 for each workday the wage statement has not been given.

76. For their failure, besides the statutory penalties, Defendants are also liable to Plaintiffs for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

### SIXTH CLAIM FOR RELIEF, FAILURE TO PROVIDE NOTICE AND ACKNOWLEDGEMENT UPON HIRING UNDER NYLL

77. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78. The NYLL requires that employers "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years. Such acknowledgement shall include an affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified or otherwise complied with paragraph (c) of this subdivision, and shall conform to any additional requirements established by the commissioner with regard to content and form. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

79. As described above, Defendants are employers within the meaning of the NYLL while Plaintiffs are employees within the meaning of the NYLL.

80. As described above, Defendants willfully failed to provide Plaintiffs with any such notice and acknowledgement containing the criteria required under the NYLL.

81. Pursuant to N.Y. Lab Law § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workday the notice has not been given.

82. For their failure, besides the statutory penalties, Defendants are also liable to Plaintiffs for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

## SEVENTH CLAIM FOR RELIEF, UNPAID SPREAD OF HOURS UNDER NYCCRR

83. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84. NYCRR tit. 12, § 142-2.4 require employers to compensate their employees for an additional hour's pay at the minimum wage rate in any day in which the spread of hours exceeds 10 hours.

85. As described above, Defendants are employers within the meaning of the NYLL while Plaintiffs are employees within the meaning of the NYLL.

86. As also described above, Plaintiffs worked in excess of ten hours on several workdays each week, yet Defendants failed to compensate Plaintiffs in accordance with NYCCRR's spread of hours provisions.

87. Defendants' actions were in willful violation of NYCCRR tit. 12, § 142-2.4.

88. Plaintiffs are entitled to the amount legally due to her under NYCCRR's spread of hours provisions.

89. Plaintiffs are also entitled to liquidated damages, attorney's fees, costs, and pre-judgment and post-judgment interest for Defendants' violations of NYCCRR's spread of hours provisions.

## EIGHTH CLAIM FOR RELIEF, FAILURE TO PROVIDE A UNIFORM MAINTENANCE PAY UNDER NYCCRR

90. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

91. N.Y. Comp. Codes R. & Regs. Tit 12, § 146-1.7 requires that "[w]here an employer does not maintain required uniforms for any employee, the employer shall pay the employee, in addition to the employee's agreed rate of pay, uniform maintenance pay of: (1) on and after January 1, 2011: $9.00 per week for work weeks over 30 hours, $7.10 per week for work weeks of more than 20 but not more than 30 hours, and $4.30 per week for work weeks of 20 hours or less; (2) on and after December 31, 2013: $9.95 per week for work weeks over 30 hours, $7.85 per week for work weeks of more than 20 but not more than 30 hours, and $4.75 per week for work weeks of 20 hours or less; (3) on and after December 31, 2014: $10.90 per week for work weeks over 30 hours, $8.60 per week for work weeks of more than 20 but not more than 30 hours, and $5.20 per week for work weeks of 20 hours or less; (4) on and after December 31, 2015: $11.20 per week for work weeks over 30 hours, $8.85 per week for work weeks of more than 20 but not more than 30 hours, and $5.35 per week for work weeks of 20 hours or less."

92. As described above, Defendants are employers within the meaning of the NYLL while Plaintiffs are employees within the meaning of the NYLL.

93. Pursuant to N.Y. Comp. Codes R. & Regs. Tit 12, § 146-1.7 Defendants are liable to Plaintiff for their uniform maintenance expenses.

94. For their failure, besides the statutory penalties, Defendants are also liable to Plaintiff for attorney's fees and costs, and pre-judgment and post-judgment interest.

## **DEMAND FOR A JURY TRIAL**

95. Pursuant to the Federal Rules of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a. a judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. an order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs and/or Rule 23 Plaintiffs for bringing this action;

c. awarding all damages that Plaintiffs, FLSA Plaintiffs and/or Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages Plaintiff would have received but for Defendants misconduct;

d. liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e. awarding Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

f. pre-judgment and post-judgment interest, as provided by law;

g. certification of this case as a Class Action pursuant to Rue 23 of the Federal Rules of Civil Procedure;

h. designation of Plaintiffs as class representatives; and

i. granting Plaintiffs FLSA Plaintiffs and/or Rule 23 Plantifs any further relief as this Court finds necessary and proper.

Dated: February 8, 2017
New York, New York

Respectfully submitted,

CASTILLO STEPHENS LLP
By: Glendoval J Stephens (GS0903)
305 Broadway, Suite 1200
New York, NY 10007
Tel: 212-385-1400
Fax: 212-385-1401
firm@castillostephens.com
*Attorneys for Plaintiffs*