## SETTLEMENT AGREEMENT AND RELEASE

This is a Settlement Agreement and Release ("Agreement") between Tajin Restaurant Corp. (hereinafter "Tajin" or the "Corporate Defendant") and Dolores Cordova (hereinafter "Cordova" or the "Individual Defendant"), and the Corporate Defendant's parents, subsidiaries, affiliates, successors, assigns, divisions, past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel, and/or agents (whether in their personal or official capacity), and each of their respective successors and assigns, on the one hand (collectively, the "Defendants"), and Joanna Caraballo (hereinafter "Caraballo"), Daniel Reyes-Ramirez (hereinafter "Ramirez"), and Alejandro Cabanas (hereinafter "Cabanas") (Caraballo, Ramirez, and Cabanas collectively hereinafter the "Plaintiffs"), on the other hand. The Defendants and Plaintiffs may each be referred to as a "Party," or together, be referred to herein as the "Parties." This Agreement is effective as of the date on which it is executed by all Parties (the "Effective Date").

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the United States District Court for the Southern District of New York (hereinafter the "Court") styled as <u>Caraballo, et al. v. Tajin Restaurant Corp., et ano.</u>, Case No.: 1:17-cv-956 (GHW) (DCF), alleging wage and hour violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York Labor Law (hereinafter "NYLL").

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs any monies owed to them and deny that the Individual Defendant was Plaintiffs' employer; and

**WHEREAS,** the Defendants and Plaintiffs desire to fully and finally resolve all differences between them on the terms and conditions hereinafter set forth;

**NOW THEREFORE,** in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, having been represented by counsel and the Parties intending to be bound, do hereby agree as follows:

1. **Non-Admission.** This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

2. **Consideration.**

    a. In consideration for Plaintiffs' execution, compliance with, and non-revocation of this Agreement, the Defendants agree to pay Plaintiffs the amount of Thirty-Seven Thousand Five Hundred Dollars and 00/100 Cents ($37,500.00) exclusive of attorneys' fees and costs ("Settlement Payment"). The Settlement Payment shall be made within thirty (30) days of receipt of an Order from a Judge of the Court formally approving the contemplated settlement herein, with three (3) checks: the first check will be Plaintiff Caraballo's payment and it will be payable to Joanna Caraballo in the amount of Five Thousand Dollars ($5,000.00); the second check will be Plaintiff Ramirez's payment and it will be payable to Daniel Reyes-Ramirez in the amount of Twelve Thousand Five Hundred Dollars ($12,500.00); the third payment will be Plaintiff Cabanas' payment and it will be payable to Alejandro Cabanas' in the amount of Twenty Thousand Dollars ($20,000.00) less all payments already made to Cabanas. The checks to Plaintiffs Caraballo and Ramirez will be delivered to Plaintiffs' counsel at Castillo Stephens LLP, 305 Broadway, Suite 1200, New York, NY 10007-1101. Plaintiffs and their counsel must submit executed IRS Form W-9s with a Taxpayer Identification Number from Plaintiffs and their counsel in order to receive the Settlement Payment, a copy of which may be submitted electronically together with Plaintiffs' executed counterpart of this Agreement.

      b.      Upon full execution and approval of this Agreement, Castillo Stephens LLP, counsel for Plaintiff, shall be permitted to make an application to the Court for attorneys' fees.

      c.      Plaintiffs agree and affirm that the Settlement Payment shall constitute the entire amount of monetary consideration, inclusive of attorneys' fees and costs, provided to them under this Agreement and that Plaintiffs will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, or disbursements, in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiffs' relationship with the Defendants. Notwithstanding the foregoing, nothing herein will affect Castillo Stephens LLP's right to move for attorneys' fees.

      d.      Upon receipt of the Settlement Payment, Plaintiffs agree, affirm, and acknowledge that they will be paid all wages and wage supplements and all other amounts owed to them, inclusive of attorneys' fees and costs, for any reason, by the Defendants. Notwithstanding the foregoing, nothing herein will affect Castillo Stephens LLP's right to move for attorneys' fees.

      e.      Plaintiffs and their counsel will be issued a Form 1099. Plaintiffs further agree that they shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment. Plaintiffs understand and agree that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement. Further, Plaintiffs agree to indemnify and hold harmless the Defendants from and against all liens, liabilities, interest, and penalties that may be assessed against or incurred by them as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against Plaintiffs on the Settlement Payment.

3. **Claims Released by Plaintiffs.**

      a.      In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Plaintiffs, and Plaintiffs on behalf of their family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waive, release and discharge the Defendants, the Defendants' parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Defendants ("Releasees") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees and costs) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Plaintiffs' execution of this Agreement, including, without limitation, any claims under any federal, state, local or foreign law, that Releasors may have, or have ever had against Releasees, including but not limited to those arising out of, or in any way related to Plaintiffs' hire, benefits, employment, termination or separation from employment with the Defendants and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Plaintiffs have previously filed such a claim. Notwithstanding the foregoing, nothing herein will affect Castillo Stephens LLP's right to move for attorneys' fees.

      b.      Plaintiffs further agree and acknowledge that Releasors are giving up any rights or claims which Releasors may have against Releasees under numerous laws and regulations, including but not limited to, those regulating employment, whether on the federal, state, or local level, including, but not limited to:

(i) any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

(ii) any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

(iii) any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and

(iv) any and all claims for monetary or equitable relief (inclusive of attorneys' fees and costs), including but not limited to attorneys' fees, costs, back pay, front pay, reinstatement, and medical fees from the beginning of time to the Effective Date. Notwithstanding the foregoing, nothing herein will affect Castillo Stephens LLP's right to move for attorneys' fees.

c.    Specific Release of ADEA and OWBPA Claims. In further consideration of the benefits provided to Plaintiffs in this Agreement, including but not limited to the Settlement Payment, Releasors hereby irrevocably and unconditionally fully and forever waive, release and discharge Releasees from any and all claims, whether known or unknown, from the beginning of time to the Effective Date arising under the Older Workers' Benefit Protection Act (OWBPA) and the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations. By signing this Agreement, Plaintiffs hereby acknowledge and confirm that they: (i) have read this Agreement in its entirety and understand all of its terms; (ii) have been advised of and availed themselves of their right to consult with an attorney prior to executing this Agreement; (iii) knowingly, freely and voluntarily assent to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release, and covenants contained herein; (iv) are executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which they are otherwise entitled; (v) were given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of their choice, although they may sign it sooner if desired; (vi) understand that they have seven (7) days from the Effective Date to revoke the release in this paragraph by delivering notice of revocation to Emanuel Kataev, Esq. at 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073 by overnight delivery

before the end of such seven-day period; (vii) understand that the release contained in this paragraph does not apply to rights and claims that may arise after the Effective Date; and (viii) in entering into this Agreement, agree and acknowledge that they are not relying on any representation, promise, or inducement made by the Defendants or its attorneys with the exception of those promises described in this Agreement.

   d. This release and waiver of claims shall not be construed to impair Plaintiffs' right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement. Nor does this release prohibit or bar Plaintiffs from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination. Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement, Plaintiffs agree to release and waive and hereby doe release and waive their right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Plaintiffs' behalf, either individually or as part of a collective action, by any governmental agency or other third party.

   4. **Plaintiffs' Representations and Warranties**. Plaintiffs hereby represent, warrant, acknowledge, and affirm as follows:

     a. that they have not filed or permitted anyone to file on their behalf, any complaints, charges or claims for relief against the Defendants with any local, state, or federal court or administrative agency other than the instant lawsuit;

     b. that they have been paid and have received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off, and benefits to which they may be due for any reason, except as provided in this Agreement; and

     c. that they have no known workplace injuries or occupational diseases and have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act.

   5. **Mutual Non-Disparagement.** Plaintiffs and the Corporate Defendant agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Parties in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding.

   6. **No Re-hire.** Plaintiffs Caraballo and Ramirez acknowledges that each of them, respectively, do not wish to hold any position with Tajin, now or in the future and, therefore, shall not apply in the future for employment with Tajin.

   7. **Response to Inquiries on Employment.** If a prospective employer of Plaintiffs contacts the Defendants seeking an employment reference, the Defendants will only provide Plaintiffs' dates of employment and his or her position held with the Defendants.

8. **Breach of Agreement.** Breach of any of the provisions of this Agreement by any Party to this Agreement shall be pursued solely in the Supreme Court of the State of New York, New York County. The Parties agree that the laws of the State of New York shall apply, without regard to its conflict-of-laws principles.

9. **Severability.** The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

10. **Non-Waiver.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns.

11. **Headings.** The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

12. **Multiple Counterparts.** This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument. Faxed and e-mailed scanned copies shall be effective and enforceable.

13. **Representation by Counsel and Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior discussions, agreements or understandings between the Parties. The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties. Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement. This Agreement shall survive the cessation or termination of any arrangements contained herein.

14. **Applicable Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

15. **Voluntary Agreement.** By signing in the space provided below, the Parties agree and affirm that:

   a. They have been advised to and have carefully read and fully understand all of the provisions of this Agreement;

   b. Plaintiffs were given at least twenty-one (21) days to review, consider and execute this Agreement and have consulted with their attorney of choice before executing this Agreement;

   c. This Agreement is legally binding, and by signing it, Plaintiffs understand that they are giving up certain rights, including their right to pursue any claims against the Releasees (inclusive of attorneys' fees and costs) from the beginning of time until the date of this Agreement (Notwithstanding the foregoing, nothing herein will affect Castillo Stephens LLP's right to move for attorneys' fees);

5

d. No promise or representation of any kind or character has been made by the Defendants or by anyone acting on their behalf to induce Plaintiffs to enter into this Agreement, and Plaintiffs have not been forced or pressured in any way to sign this Agreement;

e. Through this Agreement, Plaintiffs are releasing all of the Releasees from any and all claims that they may have (inclusive of attorneys' fees and costs) against the Releasees in exchange for the Settlement Payment described herein;

f. The Parties knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

Tajin Restaurant Corp.

By: _____  DATE: 07/14/2017
    Dolores Cordova
Its: _____

_____  DATE: 07/14/2017
Dolores Cordova

_____  DATE: 7/11/2017
Joanna Caraballo

_____  DATE: 7/11/2017
Daniel Reyes-Ramirez

_____  DATE: 7/5/2017
Alejandro Cabanas

6