## AMENDED SETTLEMENT AGREEMENT AND RELEASE

This is an Amended Settlement Agreement and Release ("Agreement") between Tajin Restaurant Corp. (hereinafter "Tajin" or the "Corporate Defendant") and Dolores Cordova (hereinafter "Cordova" or the "Individual Defendant"), and the Corporate Defendant's parents, subsidiaries, affiliates, successors, assigns, divisions, past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel, and/or agents (whether in their personal or official capacity), and each of their respective successors and assigns, on the one hand (collectively, the "Defendants"), and Joanna Caraballo (hereinafter "Caraballo"), Daniel Reyes-Ramirez (hereinafter "Ramirez"), and Alejandro Cabanas (hereinafter "Cabanas") (Caraballo, Ramirez, and Cabanas collectively hereinafter the "Plaintiffs"), on the other hand. The Defendants and Plaintiffs may each be referred to as a "Party," or together, be referred to herein as the "Parties." This Agreement is effective as of the date on which it is executed by all Parties (the "Effective Date") and supersedes all prior agreements.

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the United States District Court for the Southern District of New York (hereinafter the "Court") styled as <u>Caraballo, et al. v. Tajin Restaurant Corp., et ano.</u>, Case No.: 1:17-cv-956 (GHW) (DCF), alleging wage and hour violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York Labor Law (hereinafter "NYLL").

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs any monies owed to them and deny that the Individual Defendant was Plaintiffs' employer; and

**WHEREAS,** the Defendants and Plaintiffs desire to fully and finally resolve all differences between them on the terms and conditions hereinafter set forth;

**NOW THEREFORE,** in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, having been represented by counsel and the Parties intending to be bound, do hereby agree as follows:

1. **Non-Admission.** This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

2. **Consideration.**

    a. In consideration for Plaintiffs' execution, compliance with, and non-revocation of this Agreement, the Defendants agree to pay Plaintiffs the amount of Thirty-Seven Thousand Five Hundred Dollars and 00/100 Cents ($37,500.00) exclusive of attorneys' fees and costs ("Settlement Payment"). The Settlement Payment shall be made within thirty (30) days of receipt of an Order from a Judge of the Court formally approving the contemplated settlement herein, with three (3) checks: the first check will be Plaintiff Caraballo's payment and it will be payable to Joanna Caraballo in the amount of Five Thousand Dollars ($5,000.00); the second check will be Plaintiff Ramirez's payment and it will be payable to Daniel Reyes-Ramirez in the amount of Twelve Thousand Five Hundred Dollars ($12,500.00); the third payment will be Plaintiff Cabanas' payment and it will be payable to Alejandro Cabanas' in the amount of Twenty Thousand Dollars ($20,000.00) less all payments already made to Cabanas. The checks to Plaintiffs Caraballo and Ramirez will be delivered to Plaintiffs' counsel at Castillo Stephens LLP, 305 Broadway, Suite 1200, New York, NY 10007-1101. Plaintiffs and their counsel must submit executed IRS Form W-9s with a Taxpayer Identification Number from Plaintiffs and their counsel in order to receive the Settlement Payment, a copy of which may be submitted electronically together with Plaintiffs' executed counterpart of this Agreement.

    b. Upon full execution and approval of this Agreement, Castillo Stephens LLP, counsel for Plaintiff, shall be permitted to make an application to the Court for attorneys' fees.

    c. Plaintiffs agree and affirm that the Settlement Payment shall constitute the entire amount of monetary consideration, inclusive of attorneys' fees and costs, provided to them under this Agreement and that Plaintiffs will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, or disbursements, in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiffs' relationship with the Defendants. Notwithstanding the foregoing, nothing herein will affect Castillo Stephens LLP's right to move for attorneys' fees.

    d. Upon receipt of the Settlement Payment, Plaintiffs agree, affirm, and acknowledge that they will be paid all wages and wage supplements and all other amounts owed to them, inclusive of attorneys' fees and costs, for any reason, by the Defendants. Notwithstanding the foregoing, nothing herein will affect Castillo Stephens LLP's right to move for attorneys' fees.

    e. Plaintiffs and their counsel will be issued a Form 1099. Plaintiffs further agree that they shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment. Plaintiffs understand and agree that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement. Further, Plaintiffs agree to indemnify and hold harmless the Defendants from and against all liens, liabilities, interest, and penalties that may be assessed against or incurred by them as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against Plaintiffs on the Settlement Payment.

3. **<u>Wage and Hour Release.</u>**

    a. In consideration of Defendants' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Payment, Plaintiffs, with the intention of binding themselves, their heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally release, waive and forever discharge Defendants from, and hereby acknowledge full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing minimum wage, overtime pay, wage payments, spread-of-hours payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices failure to keep appropriate timekeeping and payroll records, failure to pay employment taxes, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Lawsuit or which could have been alleged in the Lawsuit ("Released Claims"). The Released Claims include, without limitation, claims under the FLSA, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, all other statutes and regulations related to the foregoing, and all claims that were made or could have been made in this case.

    b. However, nothing herein shall release or preclude (i) any claims that arise after execution of this Agreement, (ii) any claims that cannot be waived by operation of law, and/or (iii) any right to file a charge with the United States Equal Employment Opportunity Commission ("EEOC") or the National Labor Relations Board ("NLRB").

      c.     Plaintiff agrees that he will not seek, recover upon, or otherwise enforce or accept monies from any judgment, decision or award upon any claim released by Plaintiff in this paragraph and will immediately return to Defendants any monies received in connection with any such judgment, decision or award, including – without limitation – any such monies from the EEOC or NLRB.

      d.     This Agreement and the release and discharge contained in this paragraph 3 shall also apply to the Defendants' insurers, the Defendants' past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates.

4.   **Plaintiffs' Representations and Warranties**.  Plaintiffs hereby represent, warrant, acknowledge, and affirm as follows:

      a.     that they have not filed or permitted anyone to file on their behalf, any complaints, charges or claims for relief against the Defendants with any local, state, or federal court or administrative agency other than the instant lawsuit;

      b.     that they have been paid and have received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off, and benefits to which they may be due for any reason, except as provided in this Agreement; and

      c.     that they have no known workplace injuries or occupational diseases and have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act.

5.   **Mutual Non-Disparagement.**  Plaintiffs and the Corporate Defendant agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Parties in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding.

6.   **No Re-hire.**  Plaintiffs Caraballo and Ramirez acknowledges that each of them, respectively, do not wish to hold any position with Tajin, now or in the future and, therefore, shall not apply in the future for employment with Tajin.

7.   **Response to Inquiries on Employment.**  If a prospective employer of Plaintiffs contacts the Defendants seeking an employment reference, the Defendants will only provide Plaintiffs' dates of employment and his or her position held with the Defendants.

8.   **Breach of Agreement.**  Breach of any of the provisions of this Agreement by any Party to this Agreement shall be pursued solely in the Supreme Court of the State of New York, New York County. The Parties agree that the laws of the State of New York shall apply, without regard to its conflict-of-laws principles.

9. **Severability.** The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

10. **Non-Waiver.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns.

11. **Headings**. The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

12. **Multiple Counterparts.** This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument. Faxed and e-mailed scanned copies shall be effective and enforceable.

13. **Representation by Counsel and Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior discussions, agreements or understandings between the Parties. The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties. Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement. This Agreement shall survive the cessation or termination of any arrangements contained herein.

14. **Applicable Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

15. **Voluntary Agreement.** By signing in the space provided below, the Parties agree and affirm that:

   a. They have been advised to and have carefully read and fully understand all of the provisions of this Agreement;

   b. Plaintiffs were given at least twenty-one (21) days to review, consider and execute this Agreement and have consulted with their attorney of choice before executing this Agreement;

   c. This Agreement is legally binding, and by signing it, Plaintiffs understand that they are giving up certain rights, including their right to pursue any claims against the Releasees (inclusive of attorneys' fees and costs) from the beginning of time until the date of this Agreement (Notwithstanding the foregoing, nothing herein will affect Castillo Stephens LLP's right to move for attorneys' fees);

   d. No promise or representation of any kind or character has been made by the Defendants or by anyone acting on their behalf to induce Plaintiffs to enter into this Agreement, and Plaintiffs have not been forced or pressured in any way to sign this Agreement;

e. Through this Agreement, Plaintiffs are releasing all of the Releasees from any and all claims that they may have (inclusive of attorneys' fees and costs) against the Releasees in exchange for the Settlement Payment described herein;

f. The Parties knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

**Tajin Restaurant Corp.**

By: *Dolores Cordova*      DATE: 01/22/18
Dolores Cordova
Its: _____

*Dolores Cordova*      DATE: 01/22/18
Dolores Cordova

*Joanna Caraballo*      DATE: 1/18/18
Joanna Caraballo

*Daniel Reyes-Ramirez*      DATE: 1/18/2018
Daniel Reyes-Ramirez

*Alejandro Cabanas*      DATE: 1/19/2018
Alejandro Cabanas

5