USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JOANA CARABALLO, DANIEL REYES-RAMIREZ, and ALEJANDRO CABANAS, individually and on behalf of others similarly situated,

                Plaintiffs,

-against-

TAJIN RESTAURANT CORP., d/b/a EL TAJIN RESTAURANT, and DOLORES CORDOVA, Individually,

                Defendants.

17cv00956 (GHW) (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, the parties have filed a joint motion seeking the Court's approval of their proposed settlement agreement (Dkt. 20), *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements), and, pursuant to 28 U.S.C. § 636(c), they have consented to this Court's resolution of that motion (*see* Dkt. 21). In connection with their motion, the parties have submitted a letter detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate. (*See* Dkt. 20.)

After initially reviewing the parties' submissions in order to determine whether the proposed agreement (Dkt. 20-1) represented a reasonable compromise of the claims asserted in this action, this Court contacted counsel and raised a concern regarding the scope of the release contained in the proposed agreement. Subsequently, the parties submitted a proposed amended agreement (Dkt. 27), and then, after this Court still raised a concern, they submitted another joint letter (Dkt. 28), indicating that all parties had agreed to excise a certain provision from the proposed amended agreement.

In light of the totality of the relevant circumstances, including the representations made in counsel's most recent letter; the terms of the proposed amended settlement agreement; the fact that the parties' agreement was reached through a nearly full-day, arms-length mediation, at which the individual Plaintiffs' claims were addressed and negotiated separately; and this Court's understanding of the strengths and weaknesses of the parties' positions, it is hereby ORDERED that:

1. Based on the representations of counsel for all parties, subparagraph 15(e) of the proposed amended settlement agreement (Dkt. 27), which reads:

> Through this Agreement, Plaintiffs are releasing all of the Releasees from any and all claims that they may have (inclusive of attorneys' fees and costs) against the Releasees in exchange for the Settlement Payment described herein[]

shall be stricken from the proposed agreement, on the parties' consent (*see* Dkt. 28). All other provisions of the proposed amended settlement agreement, including the wage-and-hour release contained in paragraph 3 of the proposed agreement, shall remain unchanged.

2. As so modified, the Court finds that the terms of the proposed amended settlement agreement are fair, reasonable, and adequate to redress Plaintiffs' claims in this action. This Court also understands that no attorneys' fees will be deducted from the stated settlement amounts, as the parties have reached a separate agreement with regard to fees. (*See* Dkt. 22.) Under the circumstances, the parties' joint motion to approve the proposed amended settlement agreement is granted.

3. The Court notes that this Order does not incorporate the terms of the parties' amended settlement agreement. Further, the amended settlement agreement does not recite that this Court will retain jurisdiction to enforce its terms, and this Court has made no independent determination to retain jurisdiction. Accordingly, nothing in this Court's approval of the

settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, No. 15cv1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

4. This resolves Dkt. 20. Further, as a result of the Court's approval of the parties' executed amended settlement agreement, and on this Court's understanding that, as a result of the parties' separate agreement with regard to legal fees, no open issues remain in this litigation, this action is hereby discontinued with prejudice and without costs or fees to any party.

5. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
February 28, 2018

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

3